Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered July 27, 2012, which granted defendant’s motion for summary judgment dismissing the complaint, affirmed, without costs.
Flaintiff Leonard Hutchinson seeks damages for injuries sustained when he tripped and fell on a sidewalk located in front of the premises owned by defendant Sheridan Hill House Corp. Flaintiff testified that on April 23, 2009, a sunny and warm day, between 10:00 a.m. and 11:00 a.m., he was walking to the supermarket, which was two blocks from his home. While walking on the sidewalk in front of 1413 Sheridan Avenue, his right foot got caught on a round metal screw or other object that was protruding from the sidewalk. The metal object or *553 screw appeared to have been placed in the concrete as part of the construction of the sidewalk and was never removed. According to plaintiff, he saw the metal object after he fell, and had never seen it before, although he had passed the location at least one hundred times before the accident.
Defendant established its entitlement to judgment as a matter of law. The record presented failed to establish that the claimed defect was actionable. Defendant established that the metal screw or other object was just five-eighths of an inch in diameter and protruded only about three-sixteenths of an inch above the surface. This minor height differential alone is insufficient to establish the existence of a dangerous or defective condition (see Mangar v Parkash 180 LLC, 99 AD3d 607 [1st Dept 2012]; Schwartz v Bleu Evolution Bar & Rest. Corp., 90 AD3d 488 [1st Dept 2011]; Burko v Friedland, 62 AD3d 462 [1st Dept 2009]).
Plaintiff has not come forward with any evidence to show that this trivial defect could have been “a trap or snare by reason of its location, adverse weather or lighting conditions or other circumstances” (Burko v Friedland, 62 AD3d 462 [1st Dept 2009]). The report of his expert was insufficient to raise such an issue since the expert visited the site more than two years after the accident. By that time, the condition had been corrected. Thus, the expert’s opinion was speculative, conclusory and not based on foundational facts, such as the exact measurements of the defect at the time of the accident (see Vazquez v JRG Realty Corp., 81 AD3d 555 [1st Dept 2011]; Burko v Friedland, 62 AD3d 462 [1st Dept 2009]).
Defendant also demonstrated that it did not have notice of any defect by submitting testimony from its maintenance personnel who stated that they cleaned the sidewalk every morning and had never noticed the metal object until after the accident. Defendant also showed that there was no record of complaints about the condition of the sidewalk (see Burko v Friedland, 62 AD3d 462 [2009]). Contrary to the dissent’s allegations that the “photos establish that the piece of metal was sufficiently visible,” the photographs reflect an object that is barely discernable since it does not appear to protrude significantly above the surface of the sidewalk. In fact, as indicated, plaintiff himself had never seen it before the accident, despite passing the locations at least one hundred times in the past. Concur — Renwick, Richter and Clark, JJ.